## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

TAVIA WAGNER,

      Plaintiff,

    v.                                                      Case No.:  6:25-cv-02244-GAP-LHP

TCB-WCO LLC,  OLLIE'S
BARGAIN OUTLET INC.,

      Defendants,

_____

### ORDER

On February 12, 2026, Clerk's default was entered against Defendant TCB-WCO LLC.  Doc. No. 26; *see also* Doc. Nos. 24-25.  Now before the Court is Defendant TCB-WCO, LLC's ("TCB-WCO's") Unopposed Motion to Set Aside Clerk's Default [D.E. 26] and Incorporated Memorandum of Law.  Doc. No. 31.  The motion states that after being served, TCB-WCO submitted the complaint and summons to its insurance carrier and, through a misunderstanding or miscommunication, TCB-WCO expected that its insurance carrier would hire counsel on its behalf to defend the lawsuit.  *Id.* ¶¶ 2-3.  According to the motion, after TCB-WCO was notified of the Clerk's default on or around March 25, 2026, TCB-WCO immediately consulted with its insurance carrier; learned of the misunderstanding; and retained counsel, who immediately contacted Plaintiff Tavia Wagner to confer regarding this motion. *Id.* ¶¶ 5-6.  The motion further states that no party will be prejudiced by this motion.

-1-

*Id.* ¶ 8. As relief, TCB-WCO asks that the Court set aside the Clerk's default and set forth the date by which TCB-WCO shall respond to the complaint. *Id.* at 7.

Upon consideration, given that Plaintiff does not oppose, the request is well-taken. *See Sherrard v. Macy's Sys. & Tech. Inc.*, 724 F. App'x 736, 739 (11th Cir. 2018) (affirming district court's vacating of clerk's default where failure to respond was the result of an inadvertent mistake, defendant took prompt action to correct default, and no prejudice resulted from the delay); *Mastermaker v. 500 Jefferson Tower (TX), LLC*, No. 8:19-cv-1389-TPB-TGW, 2021 WL 2942659, at *1 (M.D. Fla. Feb. 8, 2021) (granting motion to set aside clerk's default where defendant represented that it inadvertently missed the deadline for filing an answer due to a miscommunication with its insurance broker); *see also Anwer v. Fed. Ins. Co.*, No. 6:24-cv-1174-PGB-EJK, 2024 WL 3917203, at *1 (M.D. Fla. Aug. 23, 2024) ("[G]iven that defaults are disfavored, the balance of consideration weighs in favor of vacating the default." (citing *Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783* (11th Cir. 1993))).

Accordingly, TCB-WCO's motion (Doc. No. 31) is **GRANTED**, and the Clerk of Court is **DIRECTED** to **VACATE** the default entered against Defendant (Doc. No. 26). TCB-WCO shall answer or otherwise respond to the complaint within **twenty-one (21) days** from the date of this Order. TCB-WCO is also advised that it

is responsible for adhering to all other case management deadlines.  *See* Doc. No. 17.

**DONE** and **ORDERED** in Orlando, Florida on April 3, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record